FILED

**NOT FOR PUBLICATION**

MAY 16 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSANDRA AMERSON,

Plaintiff - Appellant,

v.

CLARK COUNTY, a political subdivision
and municipality including its
departments; et al.,

Defendants - Appellees.

No. 11-17521

D.C. No. 2:10-cv-01071-RLH-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted May 6, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Consandra Amerson appeals from the district court's Rule 12(c) dismissal of

her Americans with Disabilities Act (ADA) claim against Clark County, Clark

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

County Department of Juvenile Services, and Clark County Department of Family Services (Clark County). We review de novo a district court's order granting a Rule 12(c) motion for judgment on the pleadings. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Amerson and Clark County entered into a stipulated settlement agreement in which Clark County agreed to pay Amerson a lump-sum buyout of her state vocational benefits claim. The settlement stipulated that Clark County could not accommodate Amerson's work-related injury and resulting restrictions. The stipulated admission "appear[s] to negate an essential element of [Amerson's] ADA case." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *see* 42 U.S.C. § 12111(8) (to establish ADA claim, employee must prove she is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position").

Under *Cleveland*, Amerson must have an opportunity to provide a "sufficient explanation" for the contradiction presented by the stipulated admission and her ADA claim. 526 U.S. at 806; *see also id.* at 807 ("explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without

'reasonable accommodation'"). Because the district court dismissed Amerson's complaint on the pleadings and Clark County's motion to dismiss was based on collateral estoppel, Amerson has not had an opportunity to provide the explanation contemplated by *Cleveland*. We vacate the order granting the motion to dismiss and remand to the district court for proceedings consistent with this opinion.

REVERSED and REMANDED.